**Opinion filed May 30, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00139-CV

_____

## IN RE JACKIE WAYNE DANIEL

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

This mandamus action is brought by Relator, Jackie Wayne Daniel, a pro se litigant. Relator makes three complaints. First, he complains that the Knox County Clerk has refused to file a pleading that he is attempting to submit in a probate proceeding that relates to the Estate of Roy Cyrus Daniel. Second, he complains that the Knox County attorney has somehow failed to exercise "oversight," prejudicing his right to inherit from the estate. Third, he complains that the Honorable John Thompson, the Knox County Judge who is sitting in probate, has

failed to act on Relator's request to stay enforcement of a lien that has been asserted against the estate by the Texas Department of Health and Human Services.

With respect to his first complaint, Relator asks us to issue mandamus compelling the clerk to "file and docket" his proposed pleading. We lack jurisdiction to provide this relief. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2024) (providing for limited jurisdiction to issue writs of mandamus); *In re Price*, No. 11-21-00089-CR, 2021 WL 2009495, at *1 (Tex. App.—Eastland May 20, 2021, orig. proceeding) (per curiam) (mem. op., not designated for publication).

We likewise do not have jurisdiction to consider a request for mandamus against a county attorney. *See* GOV'T § 22.221; *In re Viator*, No. 03-24-00833-CV, 2025 WL 20823, at *1 (Tex. App.—Austin Jan. 3, 2025, no pet.) (mem. op.) ("[W]e have no jurisdiction to issue a writ of mandamus against a district or county attorney unless necessary to enforce our jurisdiction.").

Finally, Relator does not explicitly request any relief in connection with his complaint regarding the county judge. However, even if we were to interpret his petition as a request for us to compel the county judge to rule on any requests for relief, his petition, together with the uncertified and unsworn documents included in the appendix, is insufficient to support mandamus. *See* TEX. R. APP. P. 52.3(k)(1)(B), 52.7(a)(1). While the appendix contains a letter that was purportedly sent to the trial court requesting action, there is no evidence that it was received by the trial court, nor is there evidence of its refusal to act. *See* TEX. R. APP. P. 52.3(g) ("Every statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record.").

We dismiss Relator's petition for want of jurisdiction insofar as he seeks a writ of mandamus against the county clerk and/or county attorney. We deny the petition for writ of mandamus with respect to any remaining claims.


JOHN M. BAILEY
CHIEF JUSTICE


May 30, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.